IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Christopher Duff, Starlene Gilbert, Boyd Alan Kearley, Jackie Laesch. John Lewis, Domenica Palmer, Weldon Bruce Palmer II, Wanda Rupe, Brandy Nicole Story and Sharon Williams,<br><br>on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>City of Crossville, Tennessee, Koby Wilson, Zach Young, Jessie Brooks, John Doe 1-10 who are officers with the City of Crossville, Tennessee police department, Danny Thurman, Casey Worsham, Chris South, Thomas Smith, Terry L. Potter, Jeremy Mangas, Casey Worsham,<br><br>    Defendants. | Case No.<br><br>(Class Action) |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      This is a damages action under 42 U.S.C. § 1983 and state law against the City of Crossville, Tennessee and approximately 20 employees in the City of Crossville in their official and individual capacities, for unlawfully seizing the plaintiffs' apartments, evicting them from their apartments and depriving them of possession without any due process. Plaintiffs allege that in a very coordinated effort, employees of the City of Crossville, Tennessee systematically wrongfully seized plaintiff's apartments wrongfully evicting them from their apartments without

any notice or court order. Working in concert, Defendants forced the Plaintiffs to vacate the apartments that they rented, without cause or notice or judicial order, despite the fact that City had attempted to evict the residents several times in the last few years only to be denied a order signed by judge; this time, the City employees plowed through the apartment complex forcibly evicting ALL residents of the complex with no notice or court order. The Plaintiffs claim that these officers' conduct violated clearly established rights secured by clearly established and protected by the Fourth and Fourteenth Amendments to the United States Constitution and Tennessee law and without any objectively reasonable grounds for doing so.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original district court jurisdiction over cases presenting federal questions.

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

Parties

5. The plaintiff Christopher Duff (Duff) is a citizen of the United States and at the time of wrongful eviction of Crossville, Tennessee.

6. The plaintiff Starlene Gilbert (Gilbert) is a citizen of the United States and at the time of wrongful eviction of Crossville, Tennessee.

7. The plaintiff Boyd Alan Kearley (Kearley) is a citizen of the United States and at the time of wrongful eviction of Crossville, Tennessee.

8. The plaintiff Jackie Laesch (Laesch) is a citizen of the United States and at the time of wrongful eviction of Crossville, Tennessee.

9. The plaintiff John Lewis (Lewis) is a citizen of the United States and at the time of wrongful eviction of Crossville, Tennessee.

10. The plaintiff Domenica Palmer (Palmer) is a citizen of the United States and at the time of wrongful eviction of Crossville, Tennessee.

11. The plaintiff Weldon Palmer II (Palmer) is a citizen of the United States and at the time of wrongful eviction of Crossville, Tennessee.

12. The Plaintiff Wanda Rupe (Rupe) is a citizen of the United States and at the time of wrongful eviction of Crossville, Tennessee.

13. The plaintiff Brandy Nicole Story (Story) is a citizen of the United States and at the time of wrongful eviction of Crossville, Tennessee.

14. The plaintiff Sharon Williams (Williams) is a citizen of the United States and at the time of wrongful eviction of Crossville, Tennessee.

15. The defendant City of Crossville, Tennessee (Crossville) is a Tennessee Municipal corporation. Service on the Respondent will be through the City attorney by a duly issued summons.

16. The defendant Koby Wilson (Detective Wilson) is a Detective with the City of Crossville, Tennessee police department. The plaintiffs have sued his official and individual

capacity.

17. The defendant Zach Young (Codes Officer Wilson), is a Codes Enforcement Officer with the City of Crossville, Tennessee. The plaintiffs have sued him in his official and individual capacity.

18. The defendant Jessie Brooks (Chief Brooks) is the Chief of Police for the City of Crossville, Tennessee. The plaintiffs have sued him in his official and individual capacity.

19. The unknown defendants John Doe 1-10 who are officers with the City of Crossville, Tennessee police department. The plaintiffs have sued them in their official and individual capacity.

20. The defendant Danny Thurman (Codes Enforcement Officer Thurman), is a Codes Enforcement Officer with the City of Crossville, Tennessee. The plaintiffs have sued him in his official and individual capacity.

21. The defendant Casey Worsham (Fireman Worsham), is a fireman with the City of Crossville, Tennessee Fire Department. The plaintiffs have sued him in his official and individual capacity.

22. The defendant Chris South (Fireman South) is a fireman with the City of Crossville, Tennessee Fire Department. The plaintiffs have sued him in his official and individual capacity.

23. The defendant Thomas Smith (Fireman Smith), is a fireman with the City of Crossville, Tennessee Fire Department. The plaintiffs have sued him in his official and individual capacity.

24. The defendant Terry L. Potter (Fireman Potter), is a fireman with the City of Crossville, Tennessee Fire Department. The plaintiffs have sued him in his official and individual capacity.

25.     The defendant Jeremy Mangas (Fireman Mangas) is a fireman with the City of Crossville, Tennessee Fire Department.  The plaintiffs have sued him in his official and individual capacity.

26.     The defendant , Casey Worsham (Fireman Worsham), is a fireman with the City of Crossville, Tennessee Fire Department.  The plaintiffs have sued him in his official and individual capacity.

## Factual Allegations

27.     At all relevant times, each defendant acted under color of state law.

28.     In the July 2022, each plaintiff (and every member of the potential class) had rented an apartment at the Village Inn in Crossville, Tennessee.  The Village Inn was (it was sold to the City of Crossville, Tennessee in the spring of 2023) a privately owned, set of several free-standing buildings on Burnett Street in downtown Crossville, Tennessee immediately adjacent to Crossville, Tennessee City Hall.  In July 2022 there were 42 occupied units with 125 residents.

29.     Each plaintiff paid monthly rent to the manager, James Threet.

30.     Each plaintiff thus was a tenant under Tennessee law.

31.     Tennessee law establishes procedural rights of tenants. It confers upon tenants the right not to be evicted except through judicial process. The process is initiated by filing a "Writ of Detainer" which  allows courts to decide competing claims for possession. Tenants cannot be evicted lawfully in Tennessee except through judicial process.  See generally T.C.A. §29-18-101 to 132.

32. Litigants who prevail in forcible entry and forcible detainer cases may obtain a writ of possession of the disputed property. The Cumberland County Sheriff, not the City of Crossville Police Department, enforces writs of possession by delivering possession to successful litigants. T.C.A. §29-18-127.

33. On and around June 20, 2022, Defendant Detective Wilson attended a Basic Narcotics Investigation school. See Ex. 1

34. Upon returning to work, and using the information obtained to the June 2022 training, Defendant Detective Wilson began to plot a scheme to use subterfuge to illegally and unconstitutionally evict all residents of the Village Inn. Ex. 1

35. In furtherance of this scheme, on July 25, 2022, Defendant Detective Wilson, obtained a search warrant for "The Village Inn Hotel Room #195 at 1 Burnett Street Crossville, TN 38555." Ex. 2. The search warrant stated that the occupants of the room had in their possession methamphetamine and listed the serial numbers for approximately a dozen US currency bills and numerous items involved in the use and sale of methamphetamine. Ex. 2.

36. On July 27, 2022 at approximately 3:30 p.m. the search warrant was executed.

37. The return/inventory of the search warrant, filed a month later on August 27, 2022, stated the search found "digital scales" and an "empty gram bag." Ex. 3.

38. Immediately prior to the search warrant being executed, in furtherance of the scheme to illegally and unconstitutionally evict all of the Village Inn residents, at approximately 3 pm on July 27, 2022, Defendant Detective Wilson "lead" a briefing in the meeting room at the Crossville City Hall (overlooking the Village Inn); representatives of Crossville Police

Department, Crossville Fire Department, Crossville "City Codes Enforcement" and Cumberland County EMS were present. Ex. 4

39. At this briefing, "a safety briefing was performed and assignments were given." Ex. 4.

40. This mob of law enforcement, fire and codes personnel then "proceeded to the front of City Hall were CPD units" made "entry to the believed occupied unit [#195]." Ex. 4.

41. "Upon CPD making entry into the unit it was noticed that life safety issues were apparent in and around the property." Ex. 4

42. Crossville Fire Department fireman then "assessed the apartment" and "a full fire and life safety inspection was to be performed throughout the entire property." Ex. 4.

43. "CFD inspectors along with City Codes Enforcement performed a door to door life safety inspection with inspectors receiving verbal permission from the tenants prior to entering each unit." Ex. 4.

44. "After a full evaluation of the property [City] Codes [Enforcement] and CFD made the determination that the property was no longer safe to habitat." Ex. 4.

45. "The process of condemning the property was started with inspectors going room to room and making contact with tenants who would answer. They were informed that the property was being condemned due to the safety violations and that they had 7 calendar days to remove their belongs [sic] from the property and that they could no longer be on the property other than to remove their belongs [sic]." Ex. 4.

46. "Each room as posted with the TCA code and a Notice of Condemnation." Ex. 4

47. Although counsel made a Tennessee open records request for the City's records related to the eviction of the Village Inn residents, a copy of this "notice of condemnation" has been provided to counsel.

48. In effect, then, the officers, fire and codes personnel evicted the plaintiffs unreasonably, without prior notice, without the judicial process provided for by Tennessee, and without any legal cause or court order. And then turned the power off to the buildings.

49. The plaintiffs thus immediately became temporarily homeless. Each plaintiff was compelled to find temporary housing (some with assistance provided by City personnel and other non-profits already on-site).

50. The Crossville Police Department issued a press release at 1:08 pm on July 27, 2022 which stated that as a "result of the inspection led to the power to the entire facility being turned off and an immediate habitation ban is to be issued." Ex. 5.

51. The next day, July 28, 2022, the Crossville Police Department issued a 2nd press release which stated that the "subsequent habitation ban has been lifted pending further inquiry." The press release went on to state that "a procedural issue concerning the issuance of the order had led to the ban being lifted" and that the Department "regret[s] any inconvenience to any affected parties." Ex. 6.

52. Also on July 28, 2022, the Defendant Zach Young, writing for the City of Crossville, wrote the owner of the Village Inn with a LONG list of code violations and stating that "You have 10 (ten) days from the date of this letter to come into compliance with the code." Ex. 7. In the list of code violations was reference to "sewer gas" as a basis for requiring "occupants to vacate

the premises forthwith" but does not state that the codes enforcement officer actually FOUND the presence of sewer gas. Ex. 7.

53. On July 29, 2022, Defendant Fire Chief South wrote a narrative which attempted to whitewash the whole incident. The narrative stated that he was acting under the authority of a Tennessee statute (T.C.A. §68-102-117) and the 2018 International Fire Code section 111 and 113.1. Ex. 7

54. Chief South's narrative states that he then "made the decision to discontinue the electrical service to the buildings to render them safe." The narrative then state: "Be advised that this action is an abatement of immediate fire and life safety hazards to the occupants as allowed by the applicable laws" without citation to any specific "safety hazards" or any statute. Ex. 7.

55. On August 4, 2022, Attorney General Bryant told the Crossville City Council that his office had been working toward bring a nuisance action against the Village Inn but his office had abandoned that effort due to the City's actions on July 27, 2022. Ex 9. The district attorney is one of several statutory attorneys who can bring a nuisance lawsuit. See T.C.A. §29-3-102.

56. Although Tennessee law permits tenants to file suit to resolve disputes about possession, it provides no remedy against the police officers, fire or code personnel who searched and seized the plaintiffs' homes and deprived them of their rental property. Tennessee law thus is inadequate to provide a post- deprivation remedy.

57. As a direct and proximate result of the police officers', fire and codes personnels' conduct, each plaintiff suffered the immediate loss of her home and all of its physical and emotional comforts as well as spoiling refrigerated food and medicines. In addition, for the

several days before the plaintiffs could enforce their legal right to possession, the plaintiffs suffered the physical discomfort and emotional trauma of being homeless.

58. No reasonable police officer or fire or code personnel could have thought that he or she had probable cause to seize the plaintiffs' rental property. No reasonable police officer or fire or code personnel officer could have thought that he or she had legal authority to remove the plaintiffs from their rental property without judicial process.

59. As a direct and proximate result of these officers' unlawful conduct, ALL PLAINTIFFS AND CLASS MEMBERS suffered great embarrassment, emotional distress, humiliation and trauma, as well as the loss of enjoyment of her property.

60. These police officers' and fire and codes personnels' conduct was so willful, wanton, malicious, and in utter disregard for the plaintiffs' legal rights "cannot be deemed objectively reasonable."

61. These officers' conduct was so willful, wanton, malicious, and in utter disregard for the plaintiffs' legal rights, as to warrant imposition of punitive damages.

## Class Action Allegations

62. Named Plaintiffs bring the Claims in this action, on behalf of themselves and all others similarly situated, as a class action under Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(2).

63. Under Federal Rule of Civil Procedure 23(a), certification of a class is appropriate where: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative

parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

64. Plaintiffs request that the Court certify a class composed of all people who were wrongfully evicted by the Defendants from the Village Inn apartment complex in Crossville, Tennessee on July 27, 2022.

A. Rule 23(a)

65. Numerosity. The precise size of the Class is unknown at this time but the actual numbers and names of the individuals are approximately 125 people.

66. Virtually all of the class members are low-income individuals who will likely lack financial resources to bring an independent action or to be joined in this action. Joinder of every member of the class would be impracticable.

67. Commonality. The relief sought is common to all class members. Named Plaintiffs seek relief from Defendants' July 27, 2022 actions to wrongfully and unconstitutionally evict all residents at the Village Inn apartment complex in Crossville, Tennessee.

68. Among the most important, but not the only, common questions of fact are:

a. Whether Defendants violated Plaintiffs' 4th and 14th amendment rights to be secure in their homes and were wrongfully evicted;

b. How many times had the City of Crossville attempted to evict the residents of the Village Inn only to be denied an order signed by a judge.

69. Among the most important common question of law are:

a. Whether Defendants, acting under color of state law, deprived the Plaintiffs of a right secured by the Constitution of the United States or Tennessee.

70. In this case. Named Plaintiffs' claims are typical and identical of the claims of the other members of the Class, and they all have the same interests in this case as all other Class members that they represent. Each of them suffers injuries from the Defendants wrongfully evicting them from their apartment at the Village Inn. Resolution of the constitutionality of Defendants' wrongful eviction of ALL Plaintiffs will determine the claims of Named Plaintiffs and every other Class member.

71. If Named Plaintiffs succeed in the claim that Defendants' wrongful eviction violate their constitutional rights, that ruling likewise will benefit every other member of the Class.

72. Adequacy. Named Plaintiffs will fairly and adequately represent the interests of the proposed Class they seek to represent.

73. Named Plaintiffs have no interests separate from or in conflict with those of the proposed Class they seek to represent as a whole and Named Plaintiffs seek no relief other than the declaratory and injunctive relief, which is sought on behalf of the entire proposed Class they seek to represent.

74. Class Counsel. Named Plaintiffs are represented by John B. Nisbet III, who although has no experience in class actions, does have experience in litigating complex civil rights matters in federal court. Counsel has the resources, expertise, and experience to prosecute this action.

B. Rule 23(b)(2)

75. Class certification is appropriate because Defendants have acted in the same unconstitutional manner with respect to all class members: Defendants wrongfully and unconstitutionally evicted ALL of the residents of the Village Inn on July 27, 2022.

C. Rule 23(g)

76. Federal Rule of Civil Procedure 23(g) requires that the court appoint class counsel for an class that is certified. Fed. R. Civ. P. 23(g)(1). Class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

77. For reasons set forth in the contemporaneously filed Memorandum in Support of Motion for Class Certification, undersigned counsel meets the factors the court must consider under Rule 23(g): (1) "the work counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class."

V. CAUSES OF ACTION

Count I: Search and Seizure

78. Defendants unreasonably seized each plaintiffs rental property.

79. Each defendant thus has deprived each plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

Count II: Due Process

80. Defendants deprived each plaintiff of her property without affording them the procedures conferred by state law.

81. Each defendant thus has deprived each plaintiff of rights secured by the due process clause of the Fourteenth Amendment to the United States Constitution.

Count III: Tennessee Constitution

82. Defendants engaged in conduct constituting arbitrary power over the plaintiffs' lives, liberty and property.

83. Each defendant thus has deprived each plaintiff of rights secured by Section 2 of the Tennessee Constitution Section 7 "That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures."

## Request for Relief

WHEREFORE, the Plaintiffs request:

1. Trial by jury of all issues so triable;

2. An award of compensatory and punitive damages against all Defendants, in amounts to be proven at trial;

3. Recovery of their costs, including reasonable attorney fees, under 42 U.S.C. § 1988; and

4. All other relief to which they may be entitled.

Dated: June 20, 2023.

Respectfully submitted:

/s/ John B. Nisbet III   BPR No. 13364
P.O. Box 531
Livingston, Tennessee 38570

931.267.6203
nisbetcle@gmail.com

Plaintiffs' Counsel